**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **Dorothy Lyness LANDRY, personally,** | * | **CIVIL ACTION NO. 12-1046** |
| **o/b/o of her minor child Michael Gerard Landry,** | * | |
| **Jr., and as administratrix of the Estate of Michael** | * | |
| **Gerard Landry** | * | |
| | * | |
| **Plaintiffs** | * | **SECTION:  H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | **MAGISTRATE:  5** |
| **BAC HOME LOANS SERVICING, L.P.;** | * | **JUDGE ALMA L. CHASEZ** |
| **Countrywide Home Loans, Inc. and** | * | |
| **Jackson & McPherson, L.L.C.** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

Before the Court are Defendants BAC Home Loans Servicing, L.P. and Countrywide Home Loans, Inc.'s Motion to Dismiss (R. Doc. 7) and Defendant Jackson & McPherson, LLP's Motion to Dismiss (R. Doc. 9).  For the reasons that follow, both Motions are GRANTED.

## BACKGROUND

On September 25, 2003, Michael Gerard Landry and Dorothy Lyness Landry ("Landry") purchased a home ("Property") in Metairie, Louisiana.  To finance their purchase, Landry borrowed funds from America's Wholesale Lender, evidenced by a promissory note that promises payment of the borrowed sum in monthly installments, plus interest.  Payment of the note was secured by a mortgage on the Property.  The mortgage contained a confession of judgment:

> "Following Lender's acceleration of payment, Lender may commence appropriate foreclosure proceedings under this Security Instrument under ordinary *or executory process*, under which Lender may cause the Property to be immediately sold...For purposes of foreclosure under executory process procedures, Borrower confesses judgment and acknowledges to be indebted to Lender for all sums secured by this Security Instrument, in principal, interest, costs, expenses, attorneys' fees and other fees and charges."

(R. Doc. 7-2, "Mortgage" ¶23) (emphasis added).  Bank of America ("BOA")[1] is the current holder of the note.  Landry defaulted on the loan by failing to pay the installment due on February 1, 2010, as well as all subsequent installments.

Under the guidance of attorneys from Jackson & McPherson LLC, on January 11, 2011, BOA filed a Petition for Executory Process in the Twenty-Fourth Judicial District Court in Jefferson Parish, Louisiana. (R. Doc. 7-2.)  On January 12, 2011, the court entered an Order issuing of a writ of

---

[1] Defendant BAC declares that, "BAC is incorrectly identified in Plaintiff's petition since BAC merged into Bank of America, National Association on July 1, 2011." (R. Doc. 7, n.1; R. Doc. 20, n.1.)  In her supporting briefs, Plaintiff refers to BAC Home Loans Servicing, L.P. and Countrywide Home Loans, Inc. as Bank of America. (R. Doc. 12.)  Accordingly, this Court will refer to BAC Home Loans Servicing, L.P. and Countrywide Home Loans, Inc. collectively as Bank of America.

seizure and sale, commanding the Sheriff to seize and sell the Property. (R. Doc. 7-3.)  On February 9, 2011, the sheriff filed a notice of seizure with the recorder of mortgages in Jefferson Parish. (R. Doc. 7-4.)  Although the sheriff has yet to schedule a judicial sale of the Property, Landry was removed therefrom.  Landry retains the legal right to possess the Property until ownership is transferred at the judicial sale.

The case was removed to this Court on April 25, 2012. (R. Doc. 1.)  On May 11, 2012, Defendant BOA filed a Motion to Dismiss. (R. Doc. 7.)  On May 15, 2012, Defendant Jackson & McPherson, LLP filed its Motion to Dismiss. (R. Doc. 9.)  Plaintiff responded in opposition to both motions on July 5, 2012. (R. Doc. 12.)  The Court took this matter under submission on July 18, 2012.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The Court need not, however, accept as true

3

legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Id*. at 678 (quoting *Twombly*, 550 S.Ct. at 1955).  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**LAW AND ANALYSIS**

All Moving Parties seek dismissal for failure to state a claim under Rule 12(b)(6).  Finding merit in their arguments, the Court dismisses Plaintiff's claims without prejudice to allow Plaintiff to move to amend the complaint within twenty days.

I.     **Bank of America's Motion to Dismiss**

Defendant BOA requests dismissal of Landry's claims on the basis that the seizure of the Property is expressly authorized under Louisiana law. (R. Doc. 7-1.)  For the reasons that follow, the Court finds that the facts presented by the Plaintiff are insufficient to raise a right to relief above the speculative level and accordingly grants Defendant BOA's Motion to Dismiss.

### A.      Authentic Evidence for Purposes of Executory Process

Defendant BOA argues that the seizure of Plaintiff Landry's Property was valid because BOA attached the original promissory note and a certified true copy of the mortgage with the Foreclosure Action. (*Id*.; R. Doc. 7-2, ¶5.)  BOA explains that the Louisiana Code of Civil Procedure does not require "proof" of monetary default on the promissory note by a verified petition or otherwise.  By producing the note and certified copy of the mortgage, BOA contends that the requirements for executory process were satisfied. (R. Doc. 7-1.)  Furthermore, BOA asserts that pursuant to La. R.S. 10:9-629, *any* person, including the secured party's attorney, may verify the contents of their business records for purposes of executory process. (*Id*.)  In support of this argument, BOA quotes:

> The affidavits or verified petitions....may be based upon a plaintiff's or affiant's personal knowledge *or upon information and belief* based upon the records of the secured party, any assignee, *or any other person* that are kept or obtained in the ordinary course of business. The petition or affidavit need not particularize or specifically identify the records or data upon which such knowledge, information or belief is founded.

(*Id*.; La. R.S. 10:9-629(a)(6)) (emphasis added).  In short, BOA maintains that it abided by the laws of the State of Louisiana in seizing the Property.

In response, Plaintiff Landry argues that BOA failed to satisfy the relevant state statutes governing executory process, namely that verification of a petition must be executed by an affiant with personal knowledge rather than a hired attorney.  Plaintiff Landry further claims that Chris

Jackson's verification is hearsay because as Defendants' attorney, Mr. Jackson has no personal knowledge of Landry's mortgage account.  (R. Doc. 12-1.)  Plaintiff also raises speculation as to whether Mr. Jackson notarized his own signature on the verification.  (*Id*.)  Without legitimate verification of the facts, Landry contends,  the judgment authorizing seizure was in error.

In Louisiana, executory process is used to enforce a mortgage containing a confession of judgment, without previous citation and judgment, by act of seizure and judicial sale of the mortgaged property. La. Code Civ. Pro. ann. art. 2631.  A creditor institutes the action by filing a petition along with the note or other instrument evidencing the obligation, the authentic act of mortgage importing a confession of judgment, and any other documents necessary to prove the right to use executory process. La. Code Civ. Pro. ann. arts. 2634, 2635.  All the documents used in support of the petition are to be in authentic form, with exceptions allowed only as specifically provided by law. La. Code Civ. Pro. ann. art. 2635.  If the reviewing court determines that the creditor is entitled to foreclosure via executory process, an order is issued directing the Sheriff to seize and sell the mortgaged property. La. Code Civ. Pro. ann. art. 2638.  The Louisiana Code of Civil Procedure clarifies what authentic evidence is required for purposes of executory process:

> (1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege, paraphed for identification with the act of mortgage or privilege by the notary or other officer before whom it is executed,...or a copy of the note, bond, or other instrument evidencing the obligation certified as such by the notary before whom the act of mortgage, security agreement, or privilege was executed;

6

(2) A certified copy or a duplicate original of an authentic act;

....

(8) All other documentary evidence recognized by law as authentic.

La. Code Civ. Pro. ann. art. 2636.  Defendant BOA argues that the requirement for authentic evidence was satisfied because both the note and the authentic act of mortgage were attached to the petition of the Foreclosure Action. (R. Doc. 7-1.)  Plaintiff Landry, on the other hand, cites Louisiana Revised Statutes sections 10:9-629 and 9:5555 for the notion that a creditor must present an affidavit or verified petition by an individual with personal knowledge to satisfy the requirement for authentic evidence.

The Court finds that  Louisiana Revised Statute section 9:5555 is inapplicable to the facts at hand because the process was paraphed for identification.  As the title makes clear, section 9:5555 is relevant under circumstances where the notes or other obligations submitted with the mortgage are *not* paraphed for identification.  In the present case, the original promissory note that evidences payment obligations is paraphed– marked "NE VARIETUR" to identify it with an Act of Mortgage and notarized by Robert J. Bergeron, rendering section 9:5555 irrelevant.  The Court finds that the authentic evidence required to carry out an executory process articulated in La. Code Civ. Pro. ann. art. 2636 was properly submitted with Defendant BOA's Petition for Executory Process. (R. Doc. 7-2.)  As for section 10:9-629, the Court similarly finds that all the provisions therein have been satisfied because the debtor's signature clearly appears on the note and

7

mortgage,[2] and the authenticated record contains a confession of judgment.[3]

### B.     Breach of Contract and Tort Claims

Defendant BOA opposes Landry's argument that BOA breached a verbal forbearance contract with Landry regarding the availability of a loan modification and other assistance with the payments owed on the defaulted loan.   BOA submits that it is a "financial institution" and "creditor," and that the subject note and mortgage meet the definition of "credit agreement" under  La. R.S. 6:1121. (R. Doc. 7-1.)  BOA cites the Louisiana Credit Agreement Statute, La. R.S. 6:1121 *et seq.,* for the proposition that all causes of action based on oral agreements are prohibited in the context of a credit agreement. (*Id*.)  Because Landry cannot produce a written agreement setting forth the relevant terms and provisions signed by the creditor and debtor, BOA explains, Landry's allegations of a verbal agreement are insufficient to state a cause of action for damages. In fact, BOA points out, it was Landry who breached the contract--including the note's contractual provisions and the mortgage agreement--by failing to make payments. (*Id*.)  As for the tort claims, BOA avers that it did not owe Landry any duties beyond performance under the contract. (*Id*.) BOA concludes that the breach of contract and tort claims are legally deficient and facially implausible.

---

[2]Both documents were notarized.  The note, executed by Michael Gerard Landry on September 25, 2003, misspelled his middle name ("Gerald"), but the signature is deemed authentic.  The mortgage is executed by both the Plaintiff, Dorothy Lyness Landry, as well as her late husband, and is similarly deemed authentic.

[3] An act evidencing a mortgage or privilege imports a confession of judgment when the obligor acknowledges the obligation secured by the act and confesses judgment thereon, whether before or after maturity. La. Code Civ. Pro. ann. art. 2632; *Hood Motor Company, Inc. v. Lawrence*, 320 So.2d 111, 113 n.2 (La. 1975).

Landry argues that BOA "consistently informed the Landry family that they need not worry [about making monthly payments] and that they would qualify for assistance with payments on their home loan." (R. Doc. 1-2, ¶12-13.) Landry avers that these assertions made by BOA were manipulative and misleading and effectively caused her to grow deeper in debt. (*Id.,* ¶13.)

The Louisiana Credit Agreement Statute is applicable to the present case. "A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth relevant terms and conditions, and is signed by the creditor and the debtor." Louisiana Revised Statute 6:1122. The Louisiana Supreme Court has interpreted La. Rev. Stat. ann. art. 6:1122 to preclude all actions for damages arising from oral credit agreements, regardless of the legal theory asserted. *Jesco Const. Corp. v. Nationsbank Corp.*, 830 So.2d 989, 992 (La. 2002). Accordingly, the Court finds that Landry's allegations that she was verbally misled by BOA, without proof of a written agreement, is insufficient to state a cause of action for damages. The Court also finds that BOA did not have a duty beyond performance under the note and mortgage. No authority is needed for the proposition that a claim for tort cannot be maintained without duty on the part of the alleged tortfeasor.

### C.    42 U.S.C. § 1983

BOA argues that Landry has no cause of action under 42 U.S.C. § 1983 for damages because the state district court's order for sale and seizure of the Property is lawful. (R. Docs. 7-1; 7-3.) BOA

9

avers that just because it utilized the state district court to enforce its contractual rights to a seizure and sale, BOA does not become a state actor pursuant to 42 U.S.C. § 1983. (*Id.*) (citing *Wyatt v. Cole,* 994 F.2d 1113 (5th Cir. 1993) and *Lugar v. Edmonson Oil Co.,* 457 U.S. 922 (1982)). BOA explains that for a valid section 1983 claim to exist, the private party's actions are not transformed into state action unless the private party utilized an unconstitutional statutory scheme.  BOA argues impossibility as to Landry's section 1983 claim because the statutory scheme at issue has been deemed constitutional in *Buckner v. Carmack*, 272 So.2d 326 (La. 1973) (R. Doc. 7-1.)

Landry maintains that the procedure in which the Property was seized was constitutionally defective because it "deprived the Landry family of their constitutional right to due process, specifically including a pre-deprivation hearing and an opportunity to defend themselves." (R. Doc. 1-2.)   Essentially, Landry asserts that regular proceedings should have been used to seize the Property, and that the executory process was not the proper procedure to utilize in seizing the Property.  Landry takes particular issue with affiant Chris Jackson's lack of personal knowledge: "Without verified proof by an affiant with personal knowledge, the correct foreclosure procedure is necessarily via regular proceedings." (R. Doc. 12-1.) Landry argues that by producing unauthentic, unverified evidence, BOA was obligated to utilize regular proceedings instead of executory proceedings.  Had BOA produced authentic, verified evidence to properly invoke the executory process, Landry asserts, seizure of the Property would not have violated constitutional rights of due

process. (*Id*.)

Where private actors invoke the aid of state officials to take advantage of state-created procedures, seizure of the disputed property is sufficient to characterize that party as a "state actor" for purposes of the Fourteenth Amendment.  *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 940-42 (1982).  In *Lugar v. Edmonson Oil Co.,* the United States Supreme Court made a distinction between a challenge to the constitutionally of a state statute and a claim for its erroneous application:  A challenge to the constitutionality of a state statute is a valid section 1983 claim, the Supreme Court explained, but a claim for its erroneous application is not. *Id*. at 941-42.  Thus, the *Lugar* Court established that the misuse or misapplication of a constitutional state statute does not state a valid cause of action under section 1983. *Id.*

The initial inquiry, therefore, is whether Plaintiff has alleged an unconstitutional state procedure or the wrongful application of a constitutional state procedure.  Here, Plaintiff does not allege that the executory process is an unconstitutional state procedure, but that the application thereof, without authentic evidence pursuant to Louisiana Revised Statutes sections 10:9-629 and 9:5555, is unconstitutional.   As this Court explained above, BOA's use of the executory process and the state court's judgment of seizure was proper. *See infra* I.A; La. R.S. 10:9-629(a)(6).  Because a claim purporting misapplication of a constitutional state procedure does not qualify as a section 1983 claim, the Court finds that the Plaintiff does not state a valid cause of action pursuant to section 1983.

### D.      Preliminary Injunction

Defendant BOA further advocates for dismissal by arguing that Landry has not satisfied the prerequisites for a preliminary injunction.  BOA cautions that a preliminary injunction is an "extraordinary relief" and a "drastic remedy," and avers that Landry cannot satisfy the prerequisites under Fifth Circuit jurisprudence to support this Court from granting one. (R. Doc. 7-1.)  Specifically, BOA states that Landry has not demonstrated her claims' likelihood of success on the merits regarding wrongful seizure of the Property because the seizure was in accordance with Louisiana statutory law, verbal forbearance is not a valid claim, and the section 1983 claim is invalid. (*Id.*)

Plaintiff Landry requests this Court to enjoin the Defendants from selling her home, and argues that the prerequisites have been satisfied. (R. Doc. 12-1.)  Landry proffers that there is a substantial likelihood that she will prevail because BOA failed to produce a verified petition by a person with personal knowledge.  Landry also contends that she will suffer irreparable injury if the injunction is not issued because she would lose her home.[4]  Further, Landry argues that the potential harm of the sale of the Property substantially outweighs any harm BOA may suffer as a result of the injunction, and because her Property concerns only BOA and herself, issuing a preliminary injunction would not adversely impact the public.  (*Id.*)

The grant or denial of a preliminary injunction rests in the discretion of the district court.

---

[4]The Plaintiff identified the loss of her husband as the paramount irreparable injury. (R. 1-2, ¶20.) This loss, however, cannot be prevented or remedied by issuing an injunction.

*Johnson v. Redford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise that discretion in light of the four prerequisites for granting an preliminary injunction. *See Allison v. Froehlke*, 470 F.2d 1123, 1126 (5th Cir. 1972).  The four prerequisites are as follows:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Kennedy v. Potter*, 344 Fed. App'x 987 (5th Cir. 2009).  "The burden of persuasion on all of the four [prerequisites] for a preliminary injunction is at all times upon the plaintiff." *Canal Authority of State of Fla. v. Callaway*,  489 F.2d 567, 573 (5th Cir. 1974) (emphasis added).  Where a plaintiff fails to carry her burden with regard to any one of the aforementioned prerequisites, a preliminary injunction is necessarily improper.  *See Clements Wire & Mfg. Co., Inc. v. N. L. R. B*, 589 F.2d 894, 897-98 (5th Cir. 1979) (vacating the preliminary injunction after determining that the appellee will not succeed on the merits of its action); *Buchanan v. U.S. Postal Service*, 508 F.2d 259, 267 (5th Cir. 1975).

In considering the first of these four prerequisites it is evident that Plaintiff will not succeed on the merits of its claims because  the authentic documents required to seize the Property through executory process were properly submitted to the state district court.  Plaintiff's argument that seizure was wrongful due to the lack of a sufficient verified petition is untenable for the reasons discussed above, and as a result, the granting of a preliminary injunction would be improper.  Having

determined that Plaintiff will not succeed on the merits of her action, we need not consider the applicability of the remaining prerequisites to the instant case.

      **E.**        **Insurance Compensation**

      Defendant BOA argues that Landry's contention that the mortgage is covered by a policy of mortgage insurance, which paid BOA for losses resulting from Landry's nonpayment, should offset the amounts owed by Landry is baseless. (R. Doc. 7-1.) BOA avers that Landry has not substantiated this claim with any facts, and that the court "need not give credence to facially implausible allegations, especially those that are entirely speculative and conclusory." (*Id.*) Even assuming that such an insurance policy exists and BOA was paid as Landry stipulates, BOA argues, it would not constitute a defense to Landry's promise to pay the note. BOA further explains that "'loss' cannot be determined until the judicial sale actually occurs to determine if the winning bid is sufficient to satisfy BOA's entire indebtedness."(*Id.*) Lastly, BOA attests that the collateral source rule would prevent any such offset. (*Id.*)

      Plaintiff Landry proclaims, without any legal justification or explanation, that "the mortgage is covered by a policy of insurance which provides an offset or satisfaction of any amount owed by the Landrys." (R. Doc. 1-2.)

      The Court finds that Defendant BOA's argument is supported by the facts. On the other hand, this Court cannot find authority to support Plaintiff's proposition that sums obtained from an insurance provider should be applied to the remaining balance of a defaulted mortgage.

For the reasons articulated above, the Court finds that it is apparent from the face of the complaint that the Plaintiff is not entitled to relief.  The Court dismisses the claims and grants Defendant BOA's Motion to Dismiss.

## II.      Jackson & McPherson, LLP's Motion to Dismiss

Defendant Jackson & McPherson, LLP ("Jackson") similarly requests dismissal of Landry's claims on the basis that there was no defect in the executory process.  Jackson adopts BOA's argument with respect to Landry's section 1983 claim and wrongful seizure claim.  (R. Doc. 9-1.) Jackson argues that because it was not a party to any contract with Landry, including the mortgage, Landry cannot maintain a breach of contract claim against Jackson. (*Id.*)  Likewise, Jackson contends that whatever sums the alleged insurance policy paid to BOA, it was not to Jackson's benefit and therefore, such claims cannot be maintained. (*Id.*)  Jackson does, however, elaborate on the state law tort claim.

Jackson first clarifies that it had no attorney-client relationship with Landry. (*Id.*)  Jackson then provides excerpts from *Penalber v. Blount,* 550 So.2d 577 (La. 1989), a Louisiana Supreme Court case where a claimant brought suit against his adversary's attorney for wrongful seizure, for the basic proposition that a non-client cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. (R. Doc. 9-1.)  Jackson next explains that absent an "intentional tort" committed by an adversary's attorney, no liability can be found. *Montavalo v. Sondes,* 637 So.2d 127, 131 (La. 1994).  An intentional tort in the context of an

attorney's actions, Jackson argues, requires "egregious circumstances where the plaintiff could prove intentional misconduct by the attorney." (R. Doc. 9-1.)  Jackson concludes that without allegations of an intentional tort, Landry cannot maintain a state tort claim against Jackson. (*Id*.)

Landry's response addresses both BOA and Jackson's Motion to Dismiss. (R. Doc. 12-1.)  The arguments regarding the non-state law claims, therefore, are the same as those elucidated above. (*Infra*, part I.)  As for the state tort claim, Landry contends that without verified proof (*i.e., an affidavit from an individual with personal knowledge*), the Writ of Seizure obtained by Jackson was illegal.  Moreover, as a result of the alleged unlawful executory process, the Landry Family has suffered emotional distress, embarrassment, mental anguish, wrongful seizure, inconvenience, loss of enjoyment of life, and the loss of Michael Gerard Landry, who committed  suicide shortly after the Property was seized. (R. Doc. 1-2, ¶ 19-20; R. Doc. 12-1.)  Landry's position is that Jackson facilitated the unlawful seizure of the Property through the executory process without adequate evidence, and therefore, must be held accountable for the damages Landry has suffered. (R. Doc. 12-1.)

The law regarding this particular issue is very clear:  An attorney does not owe a legal duty to his client's adversary when acting in his client's behalf.  *Montalvo v. Sondes,* 637 So.2d 127, 130 (La. 1994).  However, the Louisiana Supreme Court in *Penalber v. Blount*, 550 So.2d 577 (La.1989), held that, while an attorney may not be held liable to a non-client for malpractice or negligence because the attorney owed no duty to the non-client, an attorney could be held liable to a

16

non-client for intentional tortious conduct. *Id.* at 582.  Furthermore, the court explained that the "intent" element of an intentional tort does not a desire to do any harm; rather, "it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although ... honestly believing that the act would not injure the plaintiff." *Id.* (internal citations omitted).

Guided by the definition of an intentional tort provided by the Louisiana Supreme Court in *Penalber*, the Court finds that Jackson did not commit an intentional tort against Landry.  Although Jackson took measures to ensure that the Property was seized, the Court finds that the seizure was lawful because there was adequate evidence to properly utilize the executory process, so the actions taken by Jackson to facilitate lawful seizure is not punishable under Louisiana law.  The case at hand is not an extreme case where the petition alleges facts showing specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit. Therefore, the Court finds that dismissal is proper.

**CONCLUSION**

For the foregoing reasons, Defendants BAC Home Loans Servicing, LP and Countrywide Home Loans, Inc., collectively referred to as Bank of America ("BOA")'s Motion to Dismiss (R. Doc. 7) and Defendant Jackson & McPherson LLP ("Jackson")'s Motion to Dismiss (R. Doc. 9) are hereby GRANTED.

17

The Court DISMISSES this case without prejudice to Plaintiff's ability to move for leave to amend the complaint within TWENTY DAYS.

New Orleans, Louisiana this 4th day of March, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

18